MARIE M. MOFFAT (Bar No. 62167)
LAWRENCE C. YEE (Bar No. 84208)
RACHEL S. GRUNBERG (Bar No. 197080)
**THE STATE BAR OF CALIFORNIA**
**OFFICE OF GENERAL COUNSEL**
180 Howard Street
San Francisco, CA 94105-1639
Telephone: (415) 538-2382
Fax: (415) 538-2321
Email: OGC@calbar.ca.gov

Attorneys for Defendant
The State Bar of California
Committee of Bar Examiners

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GORDON,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA COMMITTEE OF BAR EXAMINERS,<br><br>Defendant | Case No. CV08-3341 SI<br><br>DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE: Friday, October 3, 2008<br>TIME: 9:00a.m.<br>PLACE: Courtroom 10 |

TO: ROGER GORDON IN PRO SE

PLEASE TAKE NOTICE that on Friday, October 3, 2008, in the courtroom of the Honorable Judge Illston, being Courtroom 10, 19th Floor, at 450 Golden Gate Avenue, San Francisco, California 94102, counsel for the defendant – The State Bar of California Committee of Bar Examiners (the "Committee of Bar Examiners" or "Committee"), will and hereby does, move the Court for an order under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's complaint.

The motion is brought on the following grounds: (1) plaintiff lacks standing because he failed to actually apply to take the bar examination in California; (2) this Court lacks subject matter jurisdiction because plaintiff's claims involve admission requirements to practice law in

California, which fall within the sole and exclusive jurisdiction of the California Supreme Court; (3) plaintiff's claims are jurisdictionally barred by the Eleventh Amendment; (4) plaintiff fails to state claims upon which relief can be granted.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof and filed herewith, all pleadings and declarations in this action, and any other documents that are now on file or that may be on file in this action at the time of hearing; and such further evidence and arguments as may be presented at the time of hearing.

**MOTION TO DISMISS**

The Committee of Bar Examiners hereby moves to dismiss the complaint on the following specific grounds:

1. Plaintiff lacks standing to bring suit against the Committee of Bar Examiners;

2. This Court lacks jurisdiction, as matters involving admission requirements to practice law in California fall within the sole and exclusive jurisdiction of the California Supreme Court;

3. The complaint is jurisdictionally barred by the Eleventh Amendment; and

4. Plaintiff fails to state a claim upon which relief can be granted.

WHEREFORE, the Committee prays as follows:

1. That the complaint and each claim for relief alleged therein be dismissed against the Committee of Bar Examiners without leave to amend;

2. That Gordon take nothing and judgment be entered in favor of the Committee of Bar Examiners; and

3. For such other relief as this Court deems just.

DATED: August 29, 2008

Respectfully submitted,

MARIE M. MOFFAT
LAWRENCE C. YEE
RACHEL S. GRUNBERG

By: s/Rachel S. Grunberg
Rachel S. Grunberg

Counsel for Defendants:
The State Bar of California
Committee Of Bar Examiners

**TABLE OF CONTENTS**

**Pages**

I. INTRODUCTION ....................................................1

II. BACKGROUND ....................................................3

A. Nature Of The State Bar Of California Committee Of Bar Examiners ....................3

III. ARGUMENT ....................................................4

A. The Relevant Legal Standard ....................................................4

B. Plaintiff's Complaint Should Be Dismissed For Lack Of Standing And Subject Matter Jurisdiction ....................................................4

1. Plaintiff Has Not Applied to Take the Bar Examination in California, nor Has He Sought Relief from the Examination Eligibility Requirements with the Committee of Bar Examiners or the California Supreme Court, and Thus He Lacks Standing to Bring His Claims In Federal Court ....................................................4

2. Even if Gordon Were to Obtain California Supreme Court Review, the Rooker-Feldman Doctrine Bars Further Review by this Court ....................................................7

3. This Court Lacks Jurisdiction To Hear Plaintiff's Complaint, As The California Supreme Court Maintains Inherent Authority Over the Attorney Admissions In California ....................................................8

4. Plaintiff's Claims Against the Committee of Bar Examiners Are Jurisdictionally Barred Under The Eleventh Amendment ....................................................9

C. Plaintiff's Complaint Should Be Dismissed Under FRCP 12(B)(6) For Failure To State A Claim Upon Which Relief Can Be Granted ....................................................10

1. Plaintiff's Conclusory Allegations Fail to Establish any Federal Violation by the Committee of Bar Examiners ....................................................10

2. The Committee Is Entitled to Legislative Immunity ....................................................12

IV. CONCLUSION ....................................................12

# TABLE OF AUTHORITIES

**Pages**

## State Cases

In re Attorney Discipline System,
19 Cal.4th 582 [79 Cal.Rptr.2d 836, 967 P.2d 49] (1998)....................3,9

Greene v. Zank ,
158 Cal.App.3d 497, 505 [204 Cal.Rptr. 770, 775] (1984)....................3

In re Menna,
11 Cal.4th 975 [47 Cal.Rptr.2d 2, 905 P.2d 944] (1995)....................3

Obrien v. Jones,
23 Cal.4th 40 [96 Cal.Rptr.2d 205, 999 P.2d 95] (2000)....................3

In Re Rose,
22 Cal.4th 430 [93 Cal.Rptr.2d 298, 993 P.2d 956] (2000)....................3,8

Saleeby v. State Bar,
39 Cal.3d 547 [216 Cal.Rptr. 367, 702 P.2d 525] (1985)....................3,8

Siegel v. Committee of Bar Examiners,
10 Cal. 3d 156 (1973)....................6

Smith v. State Bar,
212 Cal.App.3d 971 [261 Cal.Rptr. 24] (1989)....................8

Warden v. State Bar,
21 Cal.4th 628, 88 Cal.Rptr.2d 283 (1999)....................11

## Federal Cases

Autery v. United States,
424 F.3d 944 (9th Cir. 2005)....................4

Cahill v. Liberty Mutual Ins. Co.,
80 F.3d 336 (9th Cir. 1996)....................4

Chaney v. State Bar of California,
386 F.2d 962 (9th Cir. 1967)....................5,6

Conley v. Gibson,
355 U.S. 41 (1957)....................4

Craig v. State Bar of California,
141 F.3d 1353 (9th Cir. 1998)....................7

Dale v. Moore,
121 F.3d 624 (11th Cir. 1997)....................8

District of Columbia v. Feldman,
460 U.S. 462 (1983)....................7,8

F.C.C. v. Beach Communications, Inc.,
508 U.S. 307, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993) ....................11

Fields v. Legacy Health System,
413 F.3d 943 (9th Cir. 2005) ....................10

Giannini v. Committee of Bar Examiners,
847 F.2d 1434 (9th Cir. 1988) ....................5,6,9

Giannini v. Real,
911 F.2d 354 (9th Cir. 1990) ....................10

Hirsh v. Justices of the Supreme Court of California,
67 F.3d 708, 715 (9th Cir. 1995) ....................9

Leis v. Flynt,
439 U.S. 438 (1979) ....................11

Levanti v. Tippen,
585 F.Supp. 499 (9th Cir. 1984) ....................12

Levine v. Diamanthuset, Inc.,
950 F.2d 1478 (9th Cir. 1991) ....................4

Lupert v. California State Bar,
761 F.2d 1325, 1327 (9th Cir. 1985), cert. denied,
474 U.S. 916, 106 S.Ct. 241, 88 L.Ed.2d 251 (1985) ....................9

Margulis v. State Bar of California,
845 F.2d 215 (9th Cir. 1988) ....................5

McHenry v. Renne,
84 F.3d 1172 (9th Cir. 1996) ....................4

McKay v. Nesbett,
412 F.2d 846 (9th Cir. 1969) ....................7

Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,
457 U.S. 423 (1982) ....................11

Miller v. Rykoff-Sexton, Inc.,
845 F.2d 209 (9th Cir. 1998) ....................12

Missouri v. Fiske,
290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145 (1933) ....................9

Nunes v. Ashcroft,
348 F.3d 815 (9th Cir. 2003) ....................12

Pena v. Gardner,
976 F.2d 469 (9th Cir. 1992) ....................10

Pennhurst State School & Hospital v. Halderman,
465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ....................9,10

Ramos v. California Committee of Bar Examiners, 857 F. Supp. 702 (1994) ....................9

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) ....................7

Seaborn v. State of Florida, Dept. of Corrections, 143 F.3d 1405 (11th Cir. 1998) ....................10

Silveira v. Lockyer, 312 F.3d 1052 (9th Cir. 2003) ....................10

Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936 (9th Cir. 2004) ....................10

Supreme Court of Virginia v. Consumers Union of U. S., Inc., 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980) ....................12

Western Mining Council v. Watt, 643 F.2d 618 (9th Cir. 1981) ....................4

**Constitutions**

California Constitution
Article VI, Section 9 ....................3

**Rules**

California Rules of Court
Rule 9.13 ....................8
Rule 9.13(d) ....................4,8,9

Federal Rules of Civil Procedure
Rule 12(b)(1) ....................6
Rule 12(b)(6) ....................4

Rules Regulating Admission to Practice Law in California
Rule V, Section 2 ....................1,11
Rule VII, Sections 2 & 3 ....................1,11

**Statutes**

California Business and Professions Code
Section 6001 ....................3
Section 6060 ....................3,6
Sections 6060-6066 ....................9
Section 6060, subsection (d) ....................1
Section 6060, subsection (e) ....................1,11
Section 6064 ....................3,6
Section 6066 ....................3,4,6,8
Section 6087 ....................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff Roger Gordon, a law student at Georgetown Law Center, who has yet to graduate and receive his juris doctorate degree (see Cmplt., p. 2, ¶ 1), apparently wants to sit for the California bar examination and believes that the requirement that he must graduate from law school before being eligible to take the examination violates his First, Fifth, Tenth, Thirteenth and Fourteenth Amendment rights to the United States Constitution. Although there is no record of plaintiff ever registering with the State Bar's Committee of Bar Examiners ("Committee of Bar Examiners" or "Committee") or ever applying to take the California bar examination (see Declaration of John Rodriguez), he has filed the instant action against the Committee seeking to enjoin enforcement of the examination eligibility requirements.

Plaintiff's complaint is little more than a jumbled litany of conclusory allegations, including assertions that the Committee violated the Equal Protection Clause, the Due Process Clause, the Dormant Commerce Clause, the Privileges and Immunity Clause, the First Amendment, the Non-Delegation Doctrine, the Chenery Doctrine, the Accardi Principle, and the Sherman Act. This kitchen sink approach only tends to frustrate and compound the real issue underlying this dispute – that is, California's right to set qualifications for bar applicants.

As a matter of law, courts have traditionally upheld state qualifications on attorney licensure as long as there is a rational basis for the qualification. In California, the qualifications to sit for the bar examination are set by statute and by rule, and require, among other things, that an applicant have graduated from law school, or in the alternative have completed law study in a qualified law office or judge's chambers. (See Cal. Bus. & Prof. Code, § 6060(e); Rules Regulating Admission to Practice Law in California, Rule VII, Sections 2 & 3.) In addition, an applicant must have registered with the State Bar's Committee of Bar Examiners within 90 days after beginning the study of law. (See Cal. Bus. & Prof. Code, § 6060(d); Rules Regulating Admission to Practice Law in California, Rule V, Section 2.)

Plaintiff has not graduated from law school or otherwise met the eligibility requirements, and is simply not qualified at this time to sit for the California bar examination. Plaintiff even

admits that his own law school will not certify him as qualified to take the California bar examination. (Cmplt. p. 3 ¶ 9.) Plaintiff has failed to demonstrate any discrimination, animus, or impermissible classification on the part of the Committee of Bar Examiners that would give rise to his causes of action. California clearly has a strong state interest in attorney regulation and graduation from law school bears a rational relation to this interest.

Fundamentally, plaintiff has no cause of action against the Committee of Bar Examiners. The true purpose of his lawsuit, as plaintiff clearly and unambiguously admits, is to "lower the financial and opportunity costs of obtaining a legal education" in order to "reduce barriers to entry to the profession" and "pressure on new lawyers to practice in corporate law firms in order to service their law school debts", thus "enabling more lawyers to be able to afford to represent a broader range of clients." (Cmplt. pp. 2-3, ¶ 6.) This lawsuit is the wrong vehicle for airing such generalized grievances regarding the legal profession. What's more, the inclusion of his biography/resume in the complaint (see Cmplt. pp. 26-28) only underscores that this case is about plaintiff and his ideological, political, and social agendas and not about anything the Committee has done. Plaintiff simply fails to state any tangible claim for relief against the Committee and his complaint should be dismissed without leave to amend.

Aside and apart from the lack of merit in plaintiff's complaint, the complaint is jurisdictionally barred. The Eleventh Amendment bars suit in federal court against the Committee of Bar Examiners and plaintiff otherwise lacks standing to bring the instant challenge. The Ninth Circuit has long held that a person denied admission to the California bar cannot assert any federal claim until and unless his application is reviewed and rejected by the California Supreme Court (and even then district courts have no power to review such an order). Because plaintiff has not sought review in the California Supreme Court, there is simply no case or controversy for this Court to decide, and it therefore lacks subject matter jurisdiction.

Lastly, and most importantly, plaintiff has filed this action in the wrong court. The Committee of Bar Examiners functions as the California Supreme Court's administrative arm in matters pertaining to admission to practice law in California. That Court, and only that Court, maintains sole and exclusive jurisdiction over the admissions process and the power to

adjudicate challenges, such as this one, which deal with bar examination eligibility requirements.

For these reasons and the reasons set forth below, the Committee of Bar Examiners respectfully requests that plaintiff's complaint be dismissed without leave to amend.

## II. BACKGROUND

### A. Nature Of The State Bar Of California Committee Of Bar Examiners

The State Bar of California is a constitutional agency established in California's judicial branch. Cal. Const., art. VI, § 9. It is a public corporation established to assist the California Supreme Court in attorney admission and discipline matters. Cal. Stats. 1927, Ch. 34, Cal. State Bar Act, codified at Cal. Bus. & Prof. Code, §§ 6001 et seq.; In re Attorney Discipline System, 19 Cal.4th 582, 611 [79 Cal.Rptr.2d 836, 967 P.2d 49] (1998); Saleeby v. State Bar, 39 Cal.3d 547, 557 [216 Cal.Rptr. 367, 702 P.2d 525] (1985). Its assistance to the Supreme Court in this area has been expressly acknowledged as an integral part of the Supreme Court's judicial function. Obrien v. Jones, 23 Cal.4th 40, 48 [96 Cal.Rptr.2d 205, 999 P.2d 95] (2000); In Re Rose, 22 Cal.4th 430, 446, n. 8 [93 Cal.Rptr.2d 298, 993 P.2d 956] (2000).

The State Bar's Committee of Bar Examiners ("Committee of Bar Examiners" or "Committee") functions as an administrative arm of the Court in administering the bar examination and certifying applicants who have fulfilled admission requirements. Cal. Bus. & Prof. Code, §§ 6060, 6064; Greene v. Zank 158 Cal.App.3d 497, 505 [204 Cal.Rptr. 770, 775] (1984). However, the Committee's certification or refusal to certify an applicant for admission is purely advisory in nature (see Id. at 505), as admission to the practice of law in California remains an exercise of the inherent judicial power of the California Supreme Court. Cal. Bus. & Prof. Code, §§ 6064-6066; In re Rose, 22 Cal.4th at 453; In re Menna, 11 Cal.4th 975, 985 [47 Cal.Rptr.2d 2, 905 P.2d 944] (1995); Greene v. Zank, 158 Cal.App.3d at 505. "In the area of admission to practice, an applicant is admitted only by order of the Supreme Court which, upon certification by the bar's examining committee that the applicant fulfils the admission requirements, 'may admit such applicant as an attorney at law in all the courts of this State ….' [Cal. Bus. & Prof. Code § 6064.]" In Re Attorney Discipline System, supra, 19 Cal.4th at 599-600. If the Committee refuses to certify an applicant, the applicant may seek plenary review

with the Supreme Court:

> Any person refused certification to the Supreme Court for admission to practice may have the action of the board, or of any committee authorized by the board to make a determination on its behalf, pursuant to the provisions of this chapter, reviewed by the Supreme Court….

Cal. Bus. & Prof. Code, § 6066; see also Cal. Rules of Court, rule 9.13(d).

## III. ARGUMENT

### A. The Relevant Legal Standard

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. See Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the Court must assume all factual allegations to be true, it need not accept legal conclusions as true "merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

"With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction." Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005).

### B. Plaintiff's Complaint Should Be Dismissed Under FRCP 12(B)(1) For Lack Of Standing And Subject Matter Jurisdiction

1. Plaintiff Has Not Applied to Take the Bar Examination in California, nor Has He Sought Relief from the Examination Eligibility Requirements with the Committee of Bar Examiners or the California Supreme Court, and thus He Lacks Standing to Bring His Claims in Federal Court.

Although difficult to parse at times due to lack plaintiff's lack of clarity,[1] it appears that

---

[1] Plaintiff spends 28 pages dressing up this straightforward claim, including attaching a biography/resume to his complaint. The utter lack of clarity is also grounds for dismissal. See McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

the basis of plaintiff's complaint against the Committee of Bar Examiners is that he was denied the ability to sit for the California bar examination based on exam qualifications that be believes are unjust and unconstitutional.

As explained above, "[u]nder California law, only the state supreme court, not the Committee of Bar Examiners, has the authority to grant or deny admission to the bar." Giannini v. Committee of Bar Examiners, 847 F.2d 1434, 1435 (9th Cir. 1988). It is well-settled that unless and until an applicant has obtained review by the California Supreme Court, an applicant has not been denied *any* cognizable rights, and therefore there is no case or controversy for the federal court to adjudicate. Chaney v. State Bar of California, 386 F.2d 962, 966 (9th Cir. 1967), Margulis v. State Bar of California, 845 F.2d 215, 215 (9th Cir. 1988), Giannini, 847 F.2d at 1435.

Ninth Circuit precedent is directly on point, unambiguous, and controlling. In Margulis, 845 F.2d at 215, the plaintiff twice failed the California bar exam, then filed suit in federal district court against the State Bar, the Committee of Bar Examiners, the members of the Committee, and the State of California. Just like plaintiff's suit, Margulis's suit challenged the State Bar's examination procedures. Id. at 215-16. The district court dismissed his claims, and the Ninth Circuit affirmed, holding, "Margulis is barred from seeking relief in federal court because he failed to present his claims to the California Supreme court by petitioning for review of the Committee's refusal to certify him as qualified to practice law." Id. at 216. The Ninth Circuit explained:

> Because the California Supreme Court alone has the power to admit someone to the California Bar, we have held that ***the Committee's refusal to certify an applicant does not deprive an applicant of any rights*** until the supreme court "expressly or impliedly approves the Committee's refusal to certify so as to make this the basis or allow it to have the effect of a denial of admission." The Committee's decision not to certify a candidate is simply of no legal significance. ***Petitioning the supreme court for review, therefore, "is not a matter of exhausting state remedies in respect to an alleged federal right but of there being no basis for any alleged federal right to exist as to the Committee's actions until the California Supreme Court in the exercise of its original power over admissions has allowed these actions to serve as a deprivation."*** Due to Margulis's failure to petition for review, the state has never officially acted on his application and, therefore, has never deprived him of federally protected rights.

Id. (emphasis added), quoting Chaney, 386 F.2d at 966.

Similarly, in Giannini, an out-of-state lawyer brought a slew of federal claims challenging the State Bar's admission procedures after the Committee refused to certify him for admission. Giannini, supra, 847 F.2d at 1435. The Ninth Circuit upheld the district court's dismissal, holding that the Giannini's failure to seek review by the California Supreme Court meant the federal district court lacked subject matter jurisdiction. Id. It explained:

> The Committee operates as an administrative arm of the [supreme] court but is not empowered to admit applicants. Rather, the Committee administers the bar exam and certifies applicants meeting its requirements to the supreme court for admission. All Committee actions are reviewable by the supreme court and non-binding upon it. ***An applicant seeking review of a decision by the Committee must file a petition for review by the California Supreme Court.*** Until such review is completed, an applicant has no basis for any claim of deprivation under federal law because no deprivation has taken place. ***This prerequisite to federal deprivation operates as a bar upon Giannini's suit in federal court.***

Id. (emphasis added), citing Chaney, supra, 386 F.2d at 966; Cal. Bus. & Prof. Code §§ 6060, 6064, 6066; Siegel v. Committee of Bar Examiners, 10 Cal.3d 156, 173 (1973).

Here, and even more blatant than in Chaney, Margulis and Gianninni, plaintiff has bypassed the state process altogether and has gone directly to the federal court. The State Bar has no record of plaintiff ever registering with the State Bar's Committee of Bar Examiners or ever applying to take the California bar examination. (See Declaration of John Rodriguez.) The State Bar, let alone the Committee, has never officially evaluated plaintiff's qualifications to sit for the bar examination, and therefore, has never deprived him of federally protected rights. However, assuming arguendo that the Committee did deny plaintiff the ability to take the bar examination, under Chaney, Margulis and Gianninni, that is of no legal significance until the California Supreme Court has reviewed the Committee's recommendation. Because there has been no review of the Committee's recommendation by the California Supreme Court, plaintiff has been deprived of no rights and can state no claims. Accordingly, this Court lacks subject matter jurisdiction, all of plaintiff's claims should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1).

/ / /

/ / /

2. Even if Plaintiff Were to Obtain California Supreme Court Review, the Rooker-Feldman Doctrine Bars Further Review by this Court.

Even if plaintiff were to obtain review by the California Supreme Court, this Court would still lack jurisdiction over his claims. Under the Rooker-Feldman doctrine, only the United States Supreme Court, not the federal district courts or courts of appeal, has the authority to review final determinations of state courts. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia v. Feldman, 460 U.S. 462, 476 and 482 (1983). Rather, review of such state court judicial determinations may only be had in the United States Supreme Court. Id.

States have a unique and particular interest in the admission of attorneys to practice before its courts. See Leis v. Flynt, 439 U.S. 438, 442 (1979) (state's exclusive control over admission of lawyers to practice in their respective jurisdictions has been established "since the founding of the Republic.") The Ninth Circuit has long recognized that district courts lack the authority to review state bar admissions decisions:

> [O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court. The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems.

McKay v. Nesbett, 412 F.2d 846, 846 (9th Cir. 1969).

More recently, in Craig v. State Bar of California, 141 F.3d 1353 (9th Cir. 1998), the Ninth Circuit reaffirmed that federal district courts have no jurisdiction to evaluate the denial of admission to the bar. "Under California law, only the state supreme court, not the Committee, has the authority to grant or deny admission to the bar. ... Orders of a state court relating to the admission of an individual to the state bar may be reviewed only by the United States Supreme Court on writ of certiorari to the state court, and not by means of an original action in a lower federal court." Id. at 1354.[2] The prohibition applies not just to constitutional claims, but also

---

[2] In Craig, the Ninth Circuit also affirmed that when a plaintiff seeks modification of the rules to allow his admission to the bar, his challenge is an "individual" challenge subject to Rooker-Feldman, not a "general" challenge to the rules themselves. Craig, 141 F.3d at 1354.

claims brought under federal statutes like the Sherman Act. Dale v. Moore, 121 F.3d 624, 626-28 (11th Cir. 1997) (see e.g., Rooker-Feldman bars claim that Florida bar examiners hindered or precluded plaintiff's admission to the bar on account of a disability in violation of the ADA.) It also applies when a federal claim is inextricably intertwined with a state court's decision. Feldman, supra, 460 U.S.at 485.

Thus, even if plaintiff obtains and seeks to challenge a California Supreme Court decision on his application, his proper appeal would be to the United States Supreme Court, not here.

3. This Court Lacks Jurisdiction to Hear Plaintiff's Complaint, as the California Supreme Court Maintains Inherent Authority over Attorney Admissions in California.

Regardless of the standing issue, plaintiff has filed this lawsuit in the wrong court. The California Supreme Court retains sole and exclusive jurisdiction to review all matters involving to the administration of the California bar examination, including qualifications for bar applicants. Because sole and exclusive jurisdiction rests with the Supreme Court, this Court lacks jurisdiction to review plaintiff's claims.

As stated above, the State Bar functions as an arm of the California Supreme Court in matters concerning the regulation of the practice of law in California. Cal. Bus. & Prof. Code, § 6087; Cal. Rules of Court, rule 9.13; Saleeby v. State Bar, supra, 39 Cal.3d at 557. Although the Committee certifies applicants for admission to the California Supreme Court, its recommendations are purely advisory and all acts of the Committee are subject to review by the California Supreme Court. Cal. Bus. & Prof. Code, § 6066; Cal. Rules of Court, rule 9.13(d); In re Rose, supra, 22 Cal.4th at 453. The Supreme Court maintains exclusive and original jurisdiction over attorney admissions in California. Saleeby, supra, 39 Cal.3d at 557-58. This plenary authority extends not only to decisions involving the licensure of individual applicants to the practice of law, but extends to challenges respecting the entire admissions process. Smith v. State Bar, 212 Cal.App.3d 971, 978 [261 Cal.Rptr. 24] (1989) ("The Supreme Court controls the admissions process as part of its inherent power").

Although the many of the eligibility requirements to sit for the bar examination are

codified in the State Bar Act (see e.g., Cal. Bus. & Prof. Code, §§ 6060-6066), enactment of that statutory scheme in no way diminished the Supreme Court's inherent authority over this area. In re Attorney Discipline System, supra, 19 Cal.4th at 602 ("State Bar is not an entity created solely by the Legislature or within the Legislature's exclusive control, but rather is a constitutional entity subject to this court's expressly reserved, primary, inherent authority over admission. The State Bar Act did not divest this court of any of its preexisting powers"). Accordingly, any challenges relating to the admissions process, including those concerning the qualifications for bar applicants set forth in the State Bar Act and the policies and procedures enacted by the Committee of Bar Examiners in carrying out its duties under the Act, appropriately belong before the California Supreme Court on original petition. Id.; see also Cal. Rules of Court, rule 9.13(d).)

Accordingly, it is the Supreme Court and not the federal court that should hear plaintiff's challenge. Giannini, supra, 847 F.2d at 1435.

4. Plaintiff's Claims Against the Committee of Bar Examiners Are Barred under the Eleventh Amendment.

Plaintiff's claims against the Committee of Bar Examiners are absolutely barred by the Eleventh Amendment. It is well settled that, in the absence of consent, a suit in federal court against a state or one of its agencies or departments is proscribed by the Eleventh Amendment. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). The Ninth Circuit has recognized the State Bar as a state agency for purposes of sovereign immunity. Hirsh v. Justices of the Supreme Court of California, 67 F.3d 708, 715 (9th Cir. 1995A.) As a sub-entity of the State Bar, the Committee of Bar Examiners equally enjoys Eleventh Amendment immunity. Ramos v. California Committee of Bar Examiners, 857 F. Supp. 702, 705 (1994); see also Lupert v. California State Bar, 761 F.2d 1325, 1327 (9th Cir. 1985), cert. denied, 474 U.S. 916, 106 S.Ct. 241, 88 L.Ed.2d 251 (1985).

This jurisdictional bar applies regardless of the nature of the relief sought. Pennhurst, 465 U.S. at 100-01; see also Missouri v. Fiske, 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933) ("Expressly applying to suits in equity as well as at law, the [Eleventh] Amendment

necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State"). And it applies to pendent or supplemental state law claims as well. Pennhurst, 465 U.S. at 120-21 (pendent jurisdiction does not permit evasion of the immunity guaranteed by the Eleventh Amendment). Accordingly, the Eleventh Amendment bars all claims against the Committee of Bar Examiners. Since plaintiff fails to state facts sufficient to invoke the Court's subject matter jurisdiction, as a matter of law, his complaint should be dismissed in its entirety. Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (defense of Eleventh Amendment is a jurisdictional bar); Seaborn v. State of Florida, Dept. of Corrections, 143 F.3d 1405, 1407 (11th Cir. 1998).

**C. Plaintiff's Complaint Should Be Dismissed Under FRCP 12(B)(6) For Failure To State A Claim Upon Which Relief Can Be Granted**

1. Plaintiff's Conclusory Allegations Fail to Establish any Federal Violation by the Committee of Bar Examiners.

Plaintiff's alleges in conclusory fashion that the Committee of Bar Examiners has violated his rights under the Equal Protection Clause, the Due Process Clause, the Dormant Commerce Clause, the Privileges and Immunity Clause, the First Amendment, the Non-Delegation Doctrine, the Chenery Doctrine, the Accardi Principle, and the Sherman Act.

Plaintiff also believes that his challenge should be evaluated under a strict scrutiny standard because the requirement that one must graduate from law school prior to being eligible to sit for the bar examination "restrict[s] fundamental rights, limit[s] access to the courts, and disparately impact[s] protected classes." (Cmplt. p. 3 ¶ 10.) This argument lacks merits and must fail. "There is no fundamental right to practice law.… Attorneys do not constitute a suspect class." Giannini v. Real, 911 F.2d 354, 358 (9th Cir. 1990). Accordingly, the appropriate level of review is the "rational basis test." See Fields v. Legacy Health System, 413 F.3d 943, 955 (9th Cir. 2005), citing Silveira v. Lockyer, 312 F.3d 1052, 1088 (9th Cir. 2003). Applying the rational basis test, claims of disparate government treatment fail "as long as [there is] a rational relation to a legitimate state interest." Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004) (citations omitted). Also under the rational basis test, statutes are presumed to be valid and must be "wholly irrational to violate equal protection." Fields, supra,

413 F.3d 943 at 955 (citations omitted) ("The challenger bears the burden of negating every conceivable basis which might support the legislative classification, whether or not the basis has a foundation in the record."); see also F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 315, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993); Warden v. State Bar, 21 Cal.4th 628, 644, 88 Cal.Rptr.2d 283 (1999).

In California, the qualifications to sit for the bar examination are set by statute and by rule, and require, among other things, that an applicant have graduated from law school, or in the alternative have completed law study in a qualified law office or judge's chambers. (See Cal. Bus. & Prof. Code, § 6060(e); Rules Regulating Admission to Practice Law in California, Rule VII, Sections 2 & 3.) In addition, an applicant must have registered with the State Bar's Committee of Bar Examiners within 90 days after beginning the study of law. (See Cal. Bus. & Prof. Code, § 6060(d); Rules Regulating Admission to Practice Law in California, Rule V, Section 2.)

Plaintiff has not graduated from law school or otherwise met the eligibility requirements, and is simply not qualified at this time to sit for the California bar examination. (Cmplt. p. 1, ¶ 2; p. 3 ¶ 9.) Plaintiff even admits that his own law school will not certify him as qualified to take the California bar examination. (Cmplt. p. 3 ¶ 9.) Further, plaintiff has failed to demonstrate any discrimination, animus, or impermissible classification on the part of the Committee of Bar Examiners that would give rise to his causes of action. Without a doubt, California has a strong state interest in attorney licensure and regulation. (Hirsh, 67 F.3d at 712; Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 434 (1982); Leis v. Flynt, 439 U.S. 438, 442 (1979) ("Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the States . . . within their respective jurisdictions. The States prescribe the qualifications for admission to practice and the standards of professional conduct."). California's requirement that an applicant graduate from law school prior to being eligible to sit for the bar examination clearly bears a direct and rational relation to this interest.

Plaintiff simply fails to state any tangible claim for relief against the Committee and his complaint should be dismissed without leave to amend.

2. The Committee Is Entitled to Legislative Immunity.

To the extent plaintiff may be challenging the Committee's rules and procedures governing bar applicants, the Committee is immune from suit. When promulgating general rules governing attorney admission and discipline, state supreme courts and their administrative arms act in a legislative capacity and are entitled to legislative immunity. See Supreme Court of Virginia v. Consumers Union of U. S., Inc., 446 U.S. 719, 731-34, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980) (in an action for declaratory and injunctive relief, Virginia Court and its members held to be immune; they were acting in a legislative capacity when promulgating attorney discipline rules); see also Levanti v. Tippen, 585 F.Supp. 499, 505 (9th Cir. 1984).

## IV. CONCLUSION

For each of the foregoing reasons, the State Bar's Committee of Bar Examiners respectfully request that the Court grant the motion to dismiss without leave to amend. Dismissal without leave to amend is appropriate in this case as amendment would be futile. See Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003); Saul v. United States, 928 F.2d 829, 843 (9thCir. 1991) (futility justifies denial of leave to amend); see also Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1998) (amendment is futile if no set of facts can be proven under the amendment that would constitute a valid claim or defense.)

Dated: August 29, 2008

Respectfully submitted,

MARIE M. MOFFAT
LAWRENCE C. YEE
RACHEL S. GRUNBERG

By: s/Rachel S. Grunberg
Rachel S. Grunberg

Attorneys for Defendant
The State Bar of California
Committee of Bar Examiners

**PROOF OF SERVICE**

I, Joan Sundt, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On August 29, 2007, I served via electronic mail one copy of DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF to Plaintiff Roger Gordon at the following email address:

rogerngordon@!yahoo.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California this 29th day of August, 2008.

s/Joan Sundt