IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GORDON, | No. C 08-3341 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| STATE BAR OF CALIFORNIA COMMITTEE ON BAR EXAMINERS, | |
| Defendant. | |

Defendant State Bar of California Committee of Bar Examiners ("the Committee") has filed a motion to dismiss for lack of standing, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted. On November 14, 2008, the Court heard oral argument on defendant's motion. Having considered the arguments of the parties and the papers submitted, the Court hereby DENIES in part and GRANTS in part defendants' motion to dismiss. The Court further GRANTS plaintiff leave to amend his complaint.

**BACKGROUND**

Plaintiff Roger Gordon is a third year law student at Georgetown University Law Center ("Georgetown"), and he is six units short of graduating. Plaintiff has sued for injunctive relief to establish his right to sit for the California bar exam despite the fact that he has not completed his upper division studies nor fulfilled his law school's graduation requirements. Plaintiff alleges that the purpose of his lawsuit is to "lower the financial and opportunity costs of obtaining a legal education" by reducing barriers to entry in the profession and enabling lawyers to afford to represent a broader range of clients.

Compl. at ¶6.

Plaintiff alleges that California's bar admissions rules restrict fundamental rights, limit access to the courts, and disparately impact protected classes. Specifically, plaintiff alleges that the rules violate the Fourteenth Amendment's Equal Protection Clause because they establish different requirements for "traditional" law students – those who graduate from an accredited law school after three years of study – and "alternative" students – those who study at schools not accredited by the American Bar Association (ABA) or under the supervision of a judge or practitioner. Plaintiff also alleges that defendant's requirement that an applicant graduate from law school prior to taking the bar exam violates the Fourteenth Amendment's equal protection and due process guarantees. Finally, plaintiff alleges that bar admissions requirements that are predicated upon ABA rules violate the nondelegation, *Chenery* and *Accardi* doctrines, demonstrate the "anticompetitive nature" of the ABA in violation of the Sherman Act, and impermissibly burden interstate commerce. Because of these alleged restrictions and violations, plaintiff contends that bar admissions rules should be subject to strict scrutiny.

Defendant has moved to dismiss all of plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Defendant contends that plaintiff lacks standing to bring suit against the Committee of Bar Examiners because he has never applied to sit for the California bar. Defendant also argues that the Court has no jurisdiction over plaintiff's claims because he has no cognizable federal claim. According to defendant, a bar applicant must first seek review of a decision by the Committee of Bar Examiners from the California Supreme Court, and if that court affirms the Committee's decision, the applicant may have a federal claim. Finally, defendant argues that plaintiff's suit is barred by the Eleventh Amendment, which proscribes suit in federal court against a state agency. If the Court concludes that it has jurisdiction over plaintiff's claims, defendant argues that plaintiff's equal protection claim lacks merit because the requirement that a bar applicant graduate from law school survives rational basis review as it is rationally related to California's strong state interest in attorney regulation.

2

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. "The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981). Accordingly, the burden rests on the party asserting federal subject matter jurisdiction to prove its existence. *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss a complaint if the court lacks jurisdiction over the subject matter. Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Howard v. Everex Systems*, 228 F.3d 1057, 1060 (9th Cir. 2000). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    Standing**

Defendant argues that plaintiff lacks standing to challenge the Committee's rules because they

3

have not adversely affected him in any way. Plaintiff does not assert that he has actually applied to take the California Bar Exam, and defendant has no record of plaintiff ever registering with or applying to take the exam. Defendant therefore argues that plaintiff has not demonstrated any deprivation of protected rights. Plaintiff responds that it would be pointless to apply to take the bar exam, because representatives of the State Bar of California informed him that it would be futile to apply to take the exam before graduating from law school. Pl. Decl. No. 1 at ¶¶ 3,8.

Standing is a threshold issue faced before reaching substantive matters. *Stoianoff v. Montana*, 695 F.2d 1214, 1223-24 (9th Cir. 1983). The constitutional standing requirement derives from Article III, Section 2 of the United States Constitution, which restricts adjudication in federal courts to "Cases" and "Controversies." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). The constitutional prerequisites for standing are (1) an injury in fact which is concrete and not conjectural; (2) a causal connection between the injury and defendant's conduct or omissions; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The absence of any one element deprives a plaintiff of Article III standing and requires dismissal. *Whitmore v. Federal Election Comm'n*, 68 F.3d 1212, 1215 (9th Cir. 1995).

Plaintiff invokes the futility doctrine, which stands for the rule that "strict adherence to the standing doctrine may be excused when a policy's flat prohibition would render submission futile." *LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005). The Ninth Circuit has recognized the futility exception to general standing requirements. *See Desert Outdoor Advertising, Inc. v. City of Moreno Valley*, 103 F.3d 814, 818 (9th Cir. 1996) ("[Plaintiffs] have standing to challenge the permit requirement, even though they did not apply for permits, because applying for a permit would have been futile." (citing *Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496, 499 (9th Cir. 1980))); *accord United States v. Dunifer*, 997 F. Supp. 1235, 1240 (N.D. Cal. 1998) (Futility is likely established when "an agency has 'articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider.'" (quoting *Randolph-Sheppard Vendors of America v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986))).

Plaintiff has submitted a declaration stating that he had a telephone conversation with Vicki

4

Cummings, an employee of defendant, on May 12, 2008. Pl. Decl. No. 1 at ¶ 1. Ms. Cummings told plaintiff that he would not be permitted to take the Bar Examination if he had not either received a J.D. or completed four years of alternative study. *Id*. at ¶ 2. Ms. Cummings further told him that it would be futile for him to apply to waive the graduation requirement. *Id*. at ¶ 3. Another employee of the State Bar, John Rodriguez, confirmed that this rule is "hard-coded into the statute." *Id*. at ¶ 8. These conversations demonstrate that it would have been futile for plaintiff to apply to take the Bar Exam, and he should not be denied standing on this basis. However, plaintiff must meet specific standing requirements for his remaining claims, which will be further discussed, *infra*.

## II. Subject Matter Jurisdiction

Defendant contends that the Court lacks subject matter jurisdiction over plaintiff's claims because the California Supreme Court has not reviewed any decision made by the Committee. Defendant relies on *Margulis v. State Bar of California*, 845 F.2d 215, 216 (9th Cir. 1988). In *Margulis*, the Ninth Circuit explained:

> The Committee's decision to certify or not to certify an applicant "is legally simply a recommendation" to the California Supreme Court. . . . The [supreme] court has exclusive authority to admit an applicant regardless of the Committee's refusal to certify him or her. . . . [Such a refusal] does not deprive an applicant of any rights until the supreme court "expressly or impliedly approves the Committee's refusal."

845 F.2d at 216 (citing *Chaney v. State Bar*, 386 F.2d 962, 966 (9th Cir.1967), *cert. denied*, 390 U.S. 1011 (1968), and Cal. Bus. & Prof. Code §§ 6046, 6066).

Defendant's reliance on *Margulis* is misplaced. *Margulis* addresses the rights of an individual who has been denied admission to the State Bar after the Committee has reviewed his or her examination. The Supreme Court has expressly recognized the "difference between seeking review in a federal district court of a state court's final judgment in a bar admission matter and challenging the validity of a state bar admission rule." *District of Columbia v. Feldman*, 460 U.S. 462, 484 (1983). To the extent that plaintiff challenges the constitutionality of California's rules for bar admission, the Court has subject matter jurisdiction over his complaint. *See id*. at 482-83 (holding that district courts have subject matter jurisdiction over "general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular

5

case.").

Here, plaintiff challenges the legality of various state bar rules that do not require review of a final state court judgment in a particular case. The Court therefore finds that it has subject matter jurisdiction over plaintiff's claims, and accordingly DENIES defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).

### III.    Eleventh Amendment

Defendant argues that even if the Court has subject matter jurisdiction over plaintiff's claims, the Eleventh Amendment bars these claims because the State Bar is a state agency for purposes of sovereign immunity. Defendant relies on the Supreme Court's decision in *Pennhurst v. Halderman*, 465 U.S. 89 (1984), to support its position that a state agency may never be sued in federal court. In *Pennhurst*, the Supreme Court held that "'an unconsenting State is immune from suits brought in federal courts' . . . regardless of the nature of the relief sought." *Id.* at 100-01 (quoting *Employees of Mo. Dept. of Public Health & Welfare v. Mo. Dept. of Public Health & Welfare*, 411 U.S. 279, 280 (1973), and citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933)). The Ninth Circuit has held that "[t]he Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association." *Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 715 (9th Cir. 1995).

Here, plaintiff seeks injunctive, rather than monetary relief. The Supreme Court has clearly established that the Eleventh Amendment permits a plaintiff to sue a state *official* in federal court when his claim arises out of federal law, provided that the plaintiff seeks prospective injunctive relief rather than money damages. *See Edelman v. Jordan*, 415 U.S. 651, 675 (1974) ("[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief."); *see also Lupert v. California State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) ("The Eleventh Amendment's prohibition does not extend to prospective, non-monetary injunctive or declaratory relief against state officials."). Accordingly, the Court finds that the Eleventh Amendment bars plaintiff's claims for injunctive relief against the Committee, but would not bar such claims against individual representatives of the Committee. The Court therefore GRANTS defendant's motion to dismiss on

Eleventh Amendment grounds, and GRANTS plaintiff leave to amend so that he may name appropriate individual defendants who acted in their capacity as state officials in allegedly denying plaintiff legally recognized rights.

## IV.   Plaintiff's Substantive Claims

Plaintiff's complaint is not organized into separate claims. It consists of ninety-three paragraphs of argument, a prayer for relief, and a two-and-a-half page "Biography of Plaintiff." Although the complaint's disorganization and lack of clarity have made it difficult to ascertain plaintiff's precise claims,[1] it appears that they are grounded in the Equal Protection Clause of the Fourteenth Amendment, the Sherman Act, the Commerce Clause, and the nondelegation, *Chenery*, and *Accardi* doctrines.

### A.   Equal Protection

Plaintiff alleges that California's bar admission rules – requiring "traditional" students to acquire 967 hours of classroom instruction whereas "alternative" students must acquire 1080 hours – violate the Equal Protection Clause of the Fourteenth Amendment. Plaintiff explains that "alternative" students are treated differently from "traditional" students in that students enrolled in a non-ABA accredited school must take the "baby bar" after their first year of law school, and students who read for the bar must do so for four years, rather than the standard three. Because an "alternative" student may not accelerate his four years of preparation and complete the 1080-hour requirement in three years, plaintiff alleges that alternative preparers are disadvantaged. Plaintiff alleges that the establishment of different requirements for "traditional" and "alternative" law students violates the Equal Protection Clause because these students are similarly situated.

Presumably, as a "traditional" law student who is six credits shy of graduation, plaintiff would like to apply the credits he has earned to an "alternative" program so that he does not have to remain enrolled in school for his final semester. However, plaintiff complains that he is precluded from doing so because the four-year minimum study requirement would still be enforced, which would delay his

---

[1] The disorganization of the complaint also suggests that plaintiff might benefit from further law school study or practical experience in a law office setting.

7

eligibility for the Bar Exam another year. Plaintiff states that this violates the Equal Protection Clause by inflating the costs of legal education and reducing access to the profession.

Plaintiff further asserts that the requirement that an applicant graduate from law school before sitting for the Bar Exam likewise violates his equal protection guarantees. He alleges that the graduation requirement necessarily burdens someone in his position who must remain in law school rather than beginning a course of alternative study, unless he wishes to delay eligibility for the Bar Exam by twelve months. Defendant alleges that plaintiff's equal protection claims lack merit because the Constitution embodies no fundamental right to practice law, and California's law school graduation requirement is rationally related to the state's legitimate interest in attorney licensure and regulation.

To state a claim for a violation of equal protection, plaintiff must show that persons similarly situated suffered unequal treatment, or that defendant acted with an intent to discriminate against plaintiff based on his membership in a protected class. *Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). The Ninth Circuit has stated:

> When analyzing a discrimination claim under the Fourteenth Amendment, we must first determine the appropriate level of scrutiny to be applied. If the rule disadvantages a suspect class or impinges upon a fundamental right, the court will examine it by applying a strict scrutiny standard. If no such suspect class or fundamental rights are involved, the conduct or rule must be analyzed under a rational basis test.

*Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990) (citations omitted). Where no suspect class or fundamental right is involved, "equal protection claims may be brought by a 'class of one,' where plaintiff alleges that [he or] she has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004).

Even where a rational basis is shown, "a plaintiff may pursue an equal protection claim by raising a triable issue of fact as to whether the defendants' asserted rational basis was merely a pretext for differential treatment." *Squaw Valley*, 375 F.3d at 945-46 (internal quotations omitted). An equal protection plaintiff may show pretext by demonstrating either: "(1) the proffered rational basis was objectively false; or (2) the defendant actually acted based on an improper motive." *Id.* at 946.

Plaintiff is a third-year law student at Georgetown, which is an ABA-accredited school. Plaintiff is therefore a "traditional," not an "alternative" student. Accordingly, he has no standing under the

8

Equal Protection Clause to challenge rules that allegedly burden "alternative" students. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action." (citations omitted)). Plaintiff may challenge defendant's requirement that applicants graduate from law school before they may sit for the California Bar Examination. Relatedly, he may also challenge the rule that "alternative" preparers must receive 1,080 hours of instruction over four years, to the extent that plaintiff alleges he is a "traditional" student who wishes to be exempted from the four-year requirement so that he may complete his final six credits of law school as an "alternative" preparer. He may not, however, challenge the 1,080 hour rule or the four-year rule on grounds that they burden groups of which he is not a member.

In challenging the graduation and four-year requirements, plaintiff does not allege that defendant intended to discriminate against him based on his membership in a protected class.[2] Moreover, it is well-established that plaintiff has not been denied a fundamental right. *See Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990) ("There is no fundamental right to practice law or to take the bar examination.").[3] Therefore, to state a valid equal protection claim, plaintiff must allege that defendant

---

[2] Plaintiff alleges that "California's bar admissions rules impact individuals with disabilities, e.g., the blind and those with learning disorders, disproportionately." Compl. at ¶ 33. He further alleges that the requirement that "alternative" students complete an additional year of study "significantly inflates the financial and opportunity costs of legal education, and thereby reduces access to the legal profession." Compl. at ¶ 50. Because plaintiff does not assert that he is disabled, nor that he is socioeconomically disadvantaged, the Court cannot read his complaint as stating that he is a member of a protected class.

[3] Plaintiff relies on *Guzman v. Shewry*, 2008 WL 4307186, at *9 (9th Cir. Sept. 23, 2008), for the proposition that the Supreme Court has recognized the liberty interest of an individual denied his or her application to sit for the state bar exam. *Guzman* involved a physician who challenged the State of California's suspension of his eligibility for the Medi-Cal program. *Id.* at *1. The excerpt of *Guzman* that plaintiff highlights is unequivocally dicta: "Guzman's case is distinguishable from those in which plaintiffs have challenged the rationality of a state-imposed barrier to entering a particular profession, such as a testing or licensing requirement. *See, e.g.*, [*Schware v. Board of Bar Exam. of State of N.M.*, 353 U.S. 232, 247 (1957)] (recognizing the liberty interest of an individual denied the right to sit for a state bar exam)." The holding of *Schware* – that former membership in the Communist party is insufficient grounds for denying an individual admission to the state bar on moral character grounds – is not applicable here. *See id.* (framing the issue presented as "whether the Supreme Court of New

9

acted with discriminatory intent in requiring "traditional" bar applicants to obtain a law degree before they may sit for the bar exam, and in declining to waive the four-year requirement for a traditional student who wishes to complete his studies by reading for the bar. Because plaintiff's complaint, in its current form, cannot be read as alleging any discriminatory intent on defendant's part, the Court finds that plaintiff has not stated a claim under the Equal Protection Clause.

The Court will allow plaintiff leave to amend to allege an equal protection claim if he wishes to pursue such a claim and is able to allege the elements of such a claim in compliance with Rule 11 of the Federal Rules of Civil Procedure. If plaintiff amends, he must rewrite his complaint so that it states his precise claims in a clear and organized fashion, and plaintiff must clearly allege the facts he intends to prove as to defendant's discriminatory intent.[4]

### B.     Plaintiff's Remaining Claims

In addition to his equal protection claim, plaintiff alleges that defendant has violated the nondelegation doctrine, the *Chenery* doctrine, the *Accardi* doctrine, the Sherman Act, and the Commerce Clause. Although the parties did not address whether plaintiff has stated or can state these claims, the Court evaluates these claims in the interest of judicial efficiency.

---

Mexico on the record before us could reasonably find that [plaintiff] had not shown good moral character"). The issue here is not that plaintiff has been denied on moral character grounds the right to ever take the bar exam, rather that he challenges a prerequisite that he is perfectly capable of satisfying.

[4]Whether or not plaintiff is able to allege a cognizable equal protection claim, it appears highly unlikely that his claim will survive the summary judgment stage. "[W]ithout proof of discriminatory intent, a generally applicable law with disparate impact is not unconstitutional." *Crawford v. Marion County Election Bd.*, 128 S.Ct. 1610, 1626 (2008) (citing *Davis*, 426 U.S. at 248). Absent proof of discriminatory intent, courts apply rational basis review, under which the rules will be held valid unless plaintiff can demonstrate that the Committee has no rational basis for treating similarly situated individuals differently. *See Olech*, 528 U.S. at 564. California has a legitimate state interest in regulating the legal profession. *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982) (holding that a state "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses"); *Hirsh*, 67 F.3d at 712 ("California's attorney disciplinary proceedings implicate important state interests."); *Benson v. Arizona State Bd. of Dental Examiners*, 673 F.2d 272, 275 n.6 (9th Cir. 1982) ("[T]he state ha[s] a vital interest in protecting the public by regulating the legal profession."). *See also Louis v. Supreme Court of Nevada*, 490 F. Supp 1174, 1183 (D.C. Nev. 1980) ("[A Nevada rule] requiring graduation from an A.B.A.-approved law school is reasonable. . . . The hardship imposed upon a particular applicant by the strict application of such a rule is not a deprivation reaching constitutional dimensions." (citations omitted).

### 1.   The Doctrines of Nondelegation, *Chenery*, and *Accardi*

Plaintiff alleges that the Committee's "blind reliance" upon the rules promulgated by the American Bar Association amounts to a violation of administrative law principles prohibiting the ABA's delegation of rulemaking authority to the Committee without articulating "an intelligible principle" with which the Committee is directed to conform. *See Whitman v. American Trucking Assoc.*, 531 U.S. 457, 458 (2001) (holding that "[W]hen Congress confers decisionmaking authority upon agencies Congress must 'lay down by legislative act an intelligible principle to which the person or body authorized to [act] is directed to conform.'" (quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928))). Plaintiff cites no authority for the proposition that the nondelegation doctrine applies outside of the context of a legislature's delegation of legislative power to an administrative agency, and the Court is not inclined to extend the already quite limited doctrine to this context. *See id.* at 474 ("In the history of the [Supreme] Court we have found the requisite 'intelligible principle' lacking in only two statutes, one of which provided literally no guidance for the exercise of discretion, and the other of which conferred authority to regulate the entire economy on the basis of no more precise a standard than stimulating the economy by assuring 'fair competition.'"). Accordingly, the Court DISMISSES this claim without leave to amend.

Plaintiff also appears to allege a claim based on the rule established in *S.E.C. v. Chenery Corp.*, 318 U.S. 80, 95 (1954), that "an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." He also states that under *Accardi v. Shaughnessy*, 347 U.S. 260 (1954), administrative agencies must comply with their own regulations.[5] However, plaintiff has not explained how these rules apply to this case. The Court is therefore unable to discern plaintiff's precise claim for relief under these administrative law principles. If plaintiff wishes to pursue these claims, he must specifically allege the elements of these claims, as well as the particular facts that support them.

---

[5] The Court will assume plaintiff is referring to the rule established in *Accardi* that "the recipient [of a statutory or administrative grant of power] must exercise his authority according to his own understanding and conscience." 347 U.S. at 266-67.

### 2. **Antitrust Claims**

Plaintiff asks the Court to "subject bar admissions requirements predicated upon the ABA's rules to the highest level of scrutiny because those institutions unlawfully collude in violation of the Sherman Act." Compl. at ¶ 24. To support his argument, plaintiff relies on *United States v. American Bar Ass'n*, 934 F. Supp. 435 (D.D.C. 1996). There, the court enjoined the ABA from "conditioning the accreditation of any law school on the compensation paid law school deans, associate deans, assistant deans, faculty, library directors, librarians, or other law school employees." *Id*. at 436. The court expressly stated that the ABA shall still be permitted to adopt reasonable standards and rules as it deems necessary. *Id*.

Plaintiff cites no authority to support his argument that a rule that allegedly violates the Sherman Act must be examined under strict scrutiny. Nor does he allege specific conduct that could be viewed as collusive or anticompetitive, aside from the general fact that the ABA is solely responsible for establishing law school accreditation standards. Plaintiff has stated no cognizable claim for relief under the Sherman Act, nor does he suggest any amendment that might allow him to do so. The Sherman Act claims are dismissed without leave to amend.

### 3. **Commerce Clause**

Plaintiff alleges that the Committee's rules impermissibly burden interstate commerce because students who graduate from non-ABA accredited schools located outside of California may not sit for the California Bar Exam. Plaintiff attends Georgetown University, an ABA-accredited school. He therefore has no standing to challenge a rule on grounds that it allegedly burdens non-ABA accredited schools. Plaintiff's Commerce Clause claim is dismissed without leave to amend.
.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for want of subject matter jurisdiction, and GRANTS in part and DENIES in part defendant's motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 11]. If

plaintiff wishes to amend to allege an equal protection or "*Chenery/Accardi*" claim, against a defendant representative of the Committee of Bar Examiners, he may file such an amended complaint no later than **December 5, 2008**.

**IT IS SO ORDERED.**

Dated: November 20, 2008

SUSAN ILLSTON
United States District Judge