IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GORDON, | No. C 08-3341 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| SCOTT W. DAVENPORT, *et al.*, | |
| Defendants. | |

On February 6, 2009, the Court heard oral argument on defendants' motion to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss without leave to amend.

**BACKGROUND**

Plaintiff Roger Gordon is a third-year law student at Georgetown University Law Center ("Georgetown"). He is African-American and alleges that he is low-income and has Attention Deficit Disorder. He has completed 78 of the 84 credits required to earn his law degree, and he wishes to complete his preparation for the California Bar Examination ("bar exam") using "alternative" study.

Plaintiff filed this lawsuit against the California State Bar ("State Bar") seeking injunctive relief to establish his right to sit for the bar exam despite the fact that he has not completed his upper division study or fulfilled Georgetown's graduation requirements. He has indicated that the purpose of his lawsuit is to "lower the financial and opportunity costs of obtaining a legal education" and to reduce the barriers to entry into the legal profession to enable attorneys to afford to represent a broader range of

clients. Compl. at ¶ 6.

Plaintiff alleges that California's prerequisites to sit for the bar examination restrict fundamental rights, limit access to the courts, and disparately impact protected classes. California requires that applicants complete one of two tracks to qualify to sit for the bar exam. *See* Cal. Bus. & Prof. Code § 6060(e). The first, or "traditional," track requires the applicant to graduate from a school accredited by the Committee of Bar Examiners ("Committee") or by the American Bar Association ("ABA"). The second, or "alternative," track requires that the applicant study law diligently and in good faith for at least four years either: (1) at a law school that is authorized or approved to confer professional degrees and that requires 270 hours of attendance each year; (2) in a law office in California under the personal supervision of a licensed attorney who has practiced at least five years; (3) under the personal supervision of a judge in California; or (4) with a correspondence law school authorized to confer professional degrees and that requires 864 hours of preparation per year. Fulfilling the requirements of the alternative track is more commonly referred to as "reading" for the bar.

In his original complaint, plaintiff alleged that these requirements violate the Equal Protection Clause, the Due Process Clause, the nondelegation doctrine, the *Chenery* and *Accardi* doctrines, the Commerce Clause, the Sherman Act, and the First Amendment right to free association. Defendants moved to dismiss his original complaint for want of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The Court denied defendants' motion to dismiss for want of subject matter jurisdiction, and granted defendants' motion as to plaintiff's due process, nondelegation, Commerce Clause, and Sherman Act claims without leave to amend. The Court also granted defendants' motion as to plaintiff's equal protection and *Chenery*/*Accardi* claims, but granted plaintiff leave to amend these claims.

Plaintiff filed an amended complaint alleging that defendants' rules violate his rights to equal protection and due process, his right to be free of forced association, and he reasserted his Commerce Clause claims. Specifically, plaintiff alleges that defendants' rules requiring students at ABA-accredited schools to graduate before qualifying for the bar exam and requiring alternative preparers to complete four years of study violate his equal protection and due process rights, because the rules have a disproportionate impact on low-income African-Americans, disabled individuals, and low-income

2

African-Americans seeking legal representation. Additionally, plaintiff alleges that defendants' rules penalize him for choosing not to attend an ABA-accredited school and thereby violate his First Amendment rights by forcing him to attend such a school. Finally, he alleges that defendants' rules create a regulatory framework that impermissibly burdens interstate commerce.

Defendants have moved to dismiss all of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants contend first that, aside from his equal protection claim, all of plaintiff's claims are barred by the Court's previous order. Defendants also contend that plaintiff has failed to allege facts sufficient to state his First Amendment claim. Finally, defendants argue that plaintiff's equal protection claims fail because plaintiff does not allege that defendants intentionally discriminated and because the rules and requirements to qualify for the bar exam are undergirded by a rational basis.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

Dismissal of a complaint may be based "on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007). While the complaint does not need detailed factual allegations, it

3

must contain sufficient factual allegations "to raise a right to relief above the speculative level." *Id.* at 1965.

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I.   Plaintiff's Equal Protection and Due Process Claims[1]

#### A.   Plaintiff's due process claims

Plaintiff alleges three due process violations: (1) that defendants' rules requiring students at ABA-accredited schools to complete the final two years of law school violate his due process rights; (2) that defendants' rule requiring alternative preparers to study for four years before sitting for the bar violate his due process rights; and (3) that defendants' rules requiring plaintiff and other disabled individuals to fulfill these requirements violates his due process rights.[2] Essentially, plaintiff appears

---

[1] The Court has examined plaintiff's due process and equal protection claims on the merits, and has found that they are unlikely to succeed. However, as a pleading matter, the Court also finds two deficiencies in plaintiff's complaint. First, plaintiff fails to avail himself of a federal statute under which he is able to bring his claims. Where a federal statute exists under which a plaintiff may allege a violation of a constitutional right, plaintiff must avail himself of that statute and does not have a direct cause of action under the Constitution. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Here, plaintiff fails to avail himself of a federal statute, specifically, 42 U.S.C. § 1983.

Second, plaintiff incorrectly names each of the defendants in their "individual, non-official, capacities." Pl.'s First Amended Compl. ("FAC") at 3. The Court previously found that the Eleventh Amendment permits plaintiff to sue state officials in federal court when his claim arises out of federal law, provided that plaintiff seeks only injunctive relief and not monetary damages. *See* Order Granting in Part and Den. in Part Def.'s Mot. to Dismiss ("Order") at 6; *see also Edelman v. Jordan*, 415 U.S. 651, 675 (1974) ("[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief."); *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) ("The Eleventh Amendment's prohibition does not extend to prospective, non-monetary injunctive or declaratory relief against state officials."). The Court granted plaintiff leave to amend his complaint so that he could name individual defendants *who acted in their capacity as state officials*, and plaintiff failed to follow the Court's order. *See* Order at 7 (emphasis added).

[2] Plaintiff's third due process claim is essentially the same as the first two, with the mere addition that the rules affect the disabled.

4

to allege that his due process rights are violated because defendants will not allow him to take the bar exam without fulfilling one of the prerequisites.

The Due Process Clause entitles an individual to a hearing before he is deprived of an interest protected under the 14th Amendment. *LeClerc v. Webb*, 419 F.3d 405, 422 (5th Cir. 2005) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 570 (1972)). When a governing board or a professional organization — such as the State Bar — imposes eligibility requirements for individuals seeking to enter a profession, procedural due process requirements are implicated. *Id.* at 423 (citing *Roth*, 408 U.S. at 577 n.15). However, due process rights do not vest where a plaintiff failed to seek a hearing before filing suit in federal court. *Id.* (citing *Goldsmith v. U.S. Bd. of Tax Appeals*, 270 U.S. 117, 123 (1926)). Plaintiff's due process claims fail for several reasons.

First, plaintiff fails to allege which specific property rights or protected liberty interest defendants have deprived him of without sufficient process. Second, he fails to allege which specific rules or actions have caused a deprivation, instead offering general conclusory statements that the rules deprive him of due process. More importantly, however, plaintiff fails to demonstrate that he exhausted administrative remedies afforded by the State Bar before filing suit in federal court.

Here, any action taken by the Committee or any of its members may be reviewed by the California Supreme Court. *See* Cal. Rules of Court, rule 9.13(d). A petition for review must be filed within 60 days of the official action. *See id.* While plaintiff has requested a waiver of the rules from the Committee over the phone, he has not alleged facts demonstrating that he sought review of this ruling before the California Supreme Court.[3] Thus, to the extent that plaintiff alleges that the rules violate his right to due process, those claims are dismissed without leave to amend.

---

[3] The Court previously found that the plaintiff need not have the California Supreme Court review the Committee's decision before challenging their rules on their face. However, the Court made this finding in determining whether the California Supreme Court had exclusive jurisdiction to hear plaintiff's constitutional challenge of the rules for gaining admission to the State Bar. Here, plaintiff challenges the procedures put in place by those rules, rather than the rules themselves. In order to state such a claim, plaintiff must engage with those procedures and allege that they fail to protect plaintiff's rights. Plaintiff makes no such allegations. *See LeClerc*, 419 F.3d at 422-23 (holding that plaintiffs cannot state a claim for a procedural due process violation where they failed to seek a hearing in front of the Louisiana Supreme Court before filing suit in federal court).

### B. Plaintiff's equal protection claims

Plaintiff alleges two equal protection claims: (1) that defendants' rules violate his and other disabled individuals' right to equal protection because there is no reason to require them to complete the final two years of law school or to subject them to a more onerous four-year requirement if they elect alternative study; and (2) that defendants' rules make it harder for him and other African-Americans to secure legal representation. FAC at ¶¶ 13, 16. Additionally, while plaintiff labels his first two claims as "due process" violations, he alleges that the rules have a disparate or disproportionate impact on him and other African-Americans, suggesting he actually intends to allege equal protection violations. FAC at ¶¶ 9, 11. The essence of plaintiff's complaint, however, is that fulfilling the requirements to sit for the bar exam is costly and onerous, making it difficult for him and for those similarly situated to qualify for the bar exam. Each of plaintiff's equal protection claims is deficient for a number of reasons.

#### 1. Plaintiff's disparate impact claims

First, plaintiff fails to allege specific facts demonstrating that defendant's rules have a disproportionate impact on the disabled, on African-Americans, or on any other protected group. Instead, as defendants correctly note in their motion to dismiss, plaintiff crafts a conclusory syllogism: requiring four years of alternative preparation or two years of upper division study is expensive; African-Americans are less wealthy; therefore, the requirements disproportionately impact African-Americans. While the Court is required to take all of plaintiff's factual allegations as true, these statements are conclusions, not facts. Plaintiff does not allege any specific facts that demonstrate the costs of a legal education, the relative wealth of African-American law students compared to other students, or the relationship between the two.

Plaintiff's claim that there is no reason to subject disabled individuals to the requirement of four years of alternative preparation or the final two years at an ABA-accredited school is even more deficient. Plaintiff fails to allege any facts demonstrating that disabled individuals are treated differently or that they suffer adverse effects due to the prerequisites for the bar exam. In fact, plaintiff seems to be suggesting that disabled individuals should be exempted from the rules, but he fails to offer any facts

6

or law to support such a claim.[4]

Plaintiff's final disparate impact claim is the same as the first, except that he alleges that defendants' rules have a disparate impact on African-Americans by creating financial barriers making it difficult for them to secure legal representation.[5] It is unclear from his complaint whether plaintiff makes these allegations from the position of an African-American seeking legal representation or an African-American seeking to provide legal representation. Again, however, plaintiff offers a conclusory syllogism: preparation for the bar, under the defendants' rules, is expensive and often requires law students to take out loans; as a result, law students are financially barred from representing anyone but the wealthy once they graduate and are admitted to practice. Again, as defendants correctly observe, plaintiff's claims are conclusory and speculative. Plaintiff fails to offer any factual allegations that support his claim: he does not allege facts demonstrating that defendants' requirements are the but-for cause of shortages in legal representation. Instead he simply concludes that defendants' rules are the sole source of the costs of a legal education.

Even if plaintiff had alleged specific facts to support each of these claims, they would fail as a matter of law. To state a claim for an equal protection violation, plaintiff must allege facts sufficient to show that persons similarly situated suffered unequal treatment, or that defendants acted with intent to discriminate against plaintiff based on his membership in a protected class. *Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Plaintiff, however, relies solely on a disparate impact theory: he alleges, in each instance, that defendants' rules are discriminatory because they have a disparate impact on protected classes — specifically, African-Americans. A rule is "not unconstitutional solely because it results in a racially disparate impact." *Vill. of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 264-65 (1977) (citing *Washington*, 426 U.S. at 242); *see also Crawford v. Marion County Elections Bd.*, 128 S. Ct. 1610, 1626

---

[4]Indeed, plaintiff does not even address his third cause of action in his opposition brief, suggesting that he concedes defendants' assertion that he fails to state facts giving rise to a claim for relief.

[5]As defendants correctly observe, plaintiff appears to actually allege that the rules have a disparate impact on low-income individuals, and the Court notes that plaintiff appears to be adding a racial classification to his claim for the sole purpose of triggering strict scrutiny. *See* FAC at ¶ 8-9, 11; Defs.' Mot. to Dismiss ("Defs.' Mot.") at 3.

(2008) (Scalia, J., concurring) ("[W]ithout proof of discriminatory intent, a generally applicable law with disparate impact is not unconstitutional."). Without showing something more — specifically, that defendants enacted the rules with a discriminatory purpose or applied the rules to him in a discriminatory manner — plaintiff cannot state a claim for a violation of the Equal Protection Clause. *Vill. of Arlington Heights*, 429 U.S. at 265 ("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause."); *see also Lee*, 250 F.3d at 686 ("Where the challenged governmental policy is 'facially neutral,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." (citations omitted)). Plaintiff has not alleged that defendants acted with discriminatory purpose in enacting their rules, nor has he alleged facts sufficient to show that defendants applied the rules to him in a discriminatory manner. Thus, his disparate impact claims as alleged fail as a matter of law and are dismissed without leave to amend.

### 2. Alternate preparers as a protected class

If the Court reads plaintiff's allegations generously, he appears to allege that defendants' rules violate his equal protection rights by imposing an additional hurdle of a fourth year of study on him, should he choose to become an alternative preparer.[6] Defendants argue that alternative preparers are not a protected class, nor is the study of law a fundamental right, and that the rules drawing distinctions between alternative and traditional preparers for the bar must therefore only pass rational basis review.

When analyzing an equal protection claim, the Court must first determine the correct level of scrutiny to apply. *Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990). Where a rule neither discriminates on the basis of membership in a suspect class nor impinges on a fundamental right, the Court applies rational basis review. *See id.* Alternative preparers for the bar are not a protected class, and there is no fundamental right to practice law or to take the bar exam. *See id.* Thus, rational basis

---

[6]The Court has already noted that plaintiff may not have standing to assert such claims because he is not currently an alternative preparer — he has only expressed his intent to become an alternative preparer. *See* Order at 8; FAC at ¶ 11. Moreover, this is essentially the same claim that plaintiff stated in his first complaint, which the Court already dismissed. *See* Order at 8. Nevertheless, for expediency, the Court will address these claims as if plaintiff has already become an alternative preparer.

8

review is the correct standard to evaluate the constitutionality of the requirements to sit for the bar exam. *See Warden v. State Bar of Cal.*, 88 Cal. Rptr. 2d 283, 293 (1999) (citing *Williamson v. Lee Optical*, 348 U.S. 483, 488-89 (1955)).

Defendants' rules purposely draw a distinction between alternative and traditional preparers for the bar. *See* Cal. Bus. & Prof. Code § 6060(e). However, the Court finds that plaintiff fails to allege facts demonstrating that there is no rational basis for these distinctions. Rather, plaintiff's complaint includes only conclusory assertions that the rules are "unreasonable," "arbitrary" and "unconstitutionally vague." *See* FAC at ¶¶ 10, 15. "To survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992); *see also Brandwein v. Bd. of Osteopathic Exam'rs*, 708 F.2d 1466, 1470-71 (9th Cir. 1983) ("The plaintiff in a challenge to a legislative classification [. . .] must prove that the facts on which the legislature may have relied in shaping the classification could not reasonably be conceived to be true by the governmental decision-maker. The admission that facts are arguable is enough to justify the legislative judgment."). Here, plaintiff has admitted that the State has an interest in maintaining a well-qualified bar, and simply alleges that the rules governing the amount and type of preparation for the bar examination do not serve that interest. *See* FAC at ¶¶ 10, 12. The Court, however, may not simply question the wisdom of the rules and restrictions California has imposed on those seeking admission into the California State Bar. *See FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993) ("[E]qual protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices."). Moreover, courts have repeatedly held that there is a rational relationship between the distinctions made among alternative and traditional preparers for the bar and a legitimate state purpose. *See, e.g.*, *Lupert*, 761 F.2d at 1328-29 (upholding requirement that students at unaccredited law schools pass the first-year-law-student examination while students studying at ABA-accredited schools are exempted); *Bib'le v. Comm. of Bar Exam'rs*, 26 Cal. 3d 548, 555 (1980) (same); *see also* Cal. Bus. & Prof. Code § 6031(a) (stating that the mission of the board is to promote "the improvement of the administration of justice"). Thus, to the extent that plaintiff alleges that the different requirements for traditional and alternative preparers for the bar are a violation of the Equal Protection Clause, those

9

claims are dismissed without leave to amend.

Finally, a plaintiff may bring an equal protection claims as a "class of one" if he alleges that he has been "intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, however, plaintiff makes no factual allegations that he has been treated differently than others similarly situated. Indeed, plaintiff's allegations rely on the fact that he has not been treated differently. Thus, he fails to state a cognizable claim under the Equal Protection Clause.

## II.     **Plaintiff's Dormant Commerce Clause Claims**

The Court already dismissed plaintiff's Commerce Clause claims without leave to amend. Order at 12. on November 26, 2008, plaintiff petitioned the Court to allow him to restate his Commerce Clause claim and to add a claim under the Dormant Commerce Clause.[7] However, because plaintiff did not obtain leave of Court to file that petition, defendant argues that those claims are procedurally barred.

Defendants are correct that plaintiff did not obtain leave of Court to petition the Court for rehearing of his Dormant Commerce Clause claims and that those claims must be barred, but in any event, plaintiff's motion for rehearing would have been denied. *See* Civil Local Rule 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.") To succeed on a motion for rehearing, plaintiff would have to demonstrate either: (1) a material difference in fact or law from that which was presented to the Court; (2) the emergence of new material facts or a change in law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments. Civil Local Rule 7-9(b). Plaintiff has not demonstrated any of these.

However, even if they were properly before the Court, plaintiff's Dormant Commerce Clause claims would not succeed. Plaintiff argues that defendants' reliance on ABA standards in crafting its

---

[7] The distinction that plaintiff attempts to draw between the Commerce Clause and the Dormant Commerce Clause is irrelevant — plaintiff could not allege a traditional Commerce Clause claim here because the rules are created by the state of California, and the Commerce Clause applies only to acts of Congress. *See Western & Southern Life Ins. Co. v. State Bd. of Equalization*, 451 U.S. 648, 652 (1981). Thus, all of plaintiff's "Commerce Clause" claims arise under the Dormant Commerce Clause.

requirements for admission to the State Bar "creates an interlocking system of regulation that impermissibly burdens interstate commerce." FAC at ¶ 20. Plaintiff concludes, without offering any specific factual allegations, that "ABA accreditation serves no purpose other than to allow law school graduates to be imported from, and be exported to, other states." FAC at ¶ 21.

Generally, the Dormant Commerce Clause prohibits "economic protectionism — that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors." *New Energy Co. v. Limbach*, 486 U.S. 269, 273 (1980). Plaintiff does not allege that defendants' rules for sitting for the bar exam impose such a burden on out-of-state competitors. In fact, plaintiff alleges just the opposite — that the rules are designed *solely* to facilitate the interstate movement of attorneys. *See* FAC at ¶ 21 (emphasis added). Moreover, courts have repeatedly upheld state bar rules and restrictions in the face of Dormant Commerce Clause challenges. *See, e.g.*, *Tolchin v. Supreme Court of New Jersey*, 111 F.3d 1099, 1107-08 (3d Cir. 1997) (upholding New Jersey rule requiring attorneys to maintain a bona fide office in New Jersey); *Scariano v. Justices of the Supreme Court of Indiana*, 38 F.3d 920, 925-28 (7th Cir. 1994) (upholding Indiana rule requiring out-of-state attorneys to sit for the bar exam or to practice predominantly in Indiana for at least five years in order to gain admission to the Indiana bar). Thus, plaintiff's Dormant Commerce Clause claims are again dismissed without leave to amend.

### III.    Plaintiff's Free Association Claim

Plaintiff's final cause of action alleges that defendants violate his "First Amendment's [sic] right to be free of forced associations and compelled speech because its rules penalize him for not associating with an ABA-accredited school." FAC at ¶ 22. Defendants argue that this claim is barred because it is not among those that plaintiff was granted leave to amend, and alternatively, that it fails to allege that plaintiff was "forced to associate or speak in connection with any particular message." Defs.' Mot. at 12, 13 n.7. Plaintiff did not address defendants' argument in his reply.

The Court finds that plaintiff's free association claim is without legal merit. Plaintiff alleges, essentially, that by requiring a fourth year of study for alternative preparers, defendants' rules force him to attend an ABA-accredited law school. Plaintiff's claim is essentially the same as that rejected by the

11

Ninth Circuit in *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271 (9th Cir. 1982). In *Besig*, a private boating and swimming club leased and operated facilities in San Francisco's Aquatic Park, which was publicly-owned land. 683 F.2d at 1274. The club had more restrictive hours and charged higher fees for nonmembers than for members. *Id.* at 1274-75. The plaintiffs alleged that this distinction violated their First Amendment right to be free from forced associations, because it effectively coerced them into purchasing club memberships. *Id.* at 1275. The Ninth Circuit found that the First Amendment includes both freedom of association and its corollary, freedom of non-association, but held that the plaintiffs had not been deprived of their right of non-association. *Id.* at 1276. The court reasoned that the plaintiffs are not coerced into joining the club. *Id.* While access for nonmembers may be less favorable, the court reasoned, the use of the club facilities did not rely on club membership. *Id.* The instant case is analogous: while attending an ABA-accredited school may be a favorable path for qualifying for the bar exam, it is not the only path. *See* Cal. Bus. & Prof. Code § 6060(e). Defendants' rules do not force plaintiff to associate with an ABA-accredited school, and they do not violate his right of non-association. Plaintiff's First Amendment claims are therefore dismissed without leave to amend.

## CONCLUSION

For all of the foregoing reasons, and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss without leave to amend. This action is dismissed with prejudice. The Court VACATES the February 13, 2009 case management conference.

**IT IS SO ORDERED.**

Dated: February 9, 2009

SUSAN ILLSTON
United States District Judge